UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Black, a/k/a Clarence Simpson, | ) | C/A No. 4:04-22835-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Coli Rushton, Warden, McCormick | ) | |
| Correctional Institution; and the | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Erick Black is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. That petition was filed on November 8, 2004. Respondents filed a motion for summary judgment on January 26, 2005. United States Magistrate Judge Thomas E. Rogers, III, issued an order filed February 8, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On February 17, 2005 petitioner filed a response to respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("the Report") of United States Magistrate Judge Thomas E. Rogers, III, filed May 23, 2005. This Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the

1

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On June 17, 2005, petitioner filed his objections to the Magistrate Judge's Report. On July 8, 2005, petitioner filed a motion to dismiss his *habeas* petition without prejudice. Petitioner states in his motion that he wishes to have his case dismissed without prejudice so that he can "be granted the opportunity to exhaust all state remedies, so that he may argue his case collaterally, before filing in federal court." The respondents filed a response to petitioner's motion on July 27, 2005, opposing the granting of that motion. Petitioner filed a reply to the response on August 5, 2005.

### **Motion to Dismiss**

The petitioner has asked this Court to dismiss his case without prejudice so that he may exhaust his state remedies. The theory of exhaustion is based on 28 U.S.C. § 2254, the statute giving the federal court jurisdiction of habeas petitions. This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. It is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In *Ex parte Royall*, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.

2

*Rose v. Lundy*, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, an appellant is required to state all his grounds in that appeal. *See* SCAR 207 and *Blakeley v. Rabon*, 221 S.E.2d 767 (1976). The second avenue of relief is the filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. A PCR applicant is also required to state all of his grounds for relief in his application. *See* S.C. Code Ann. § 17-27-90.

When a petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 10059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (5th Cir. 1977). If a petitioner has failed to raise an issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See Rose v. Lundy, supra.*

The exhaustion requirement is not jurisdictional and this Court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from that failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred." *Murray v. Carrier*, 477 U.S. 478 (1986).

Petitioner raises three grounds in his *habeas* petition. The Magistrate Judge addressed grounds

3

one and two of petitioner's petition on their merits and recommended that summary judgment be granted in favor of the respondents. As to the third ground, the Magistrate Judge found that claim had not been exhausted, but that the South Carolina state courts would find that ground to be procedurally barred.

This Court finds that dismissing the petition would serve no useful purpose. Petitioner did not exhaust ground three in state court and no state remedy is still available for him to do so. Petitioner has already appealed his conviction, filed two PCR applications, and appealed the dismissal of his second PCR application to the South Carolina Supreme Court. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989) (if no state remedy is still available the claim will ordinarily be deemed exhausted but procedurally defaulted.); *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000); *Burket v. Angelone*, 208 F.3d 172, 201 n. 21 (4th Cir. 2000).

Petitioner argues in his response that the one year period of time has not yet expired. In making this statement, petitioner is relying on the fact that the South Carolina Supreme Court issued the Remittitur on his second PCR application on October 13, 2004. However, a PCR application must be filed within one (1) year after entry of judgment of conviction or one year after sending of the remittitur to the lower court from an appeal. *See* S.C. Code Ann. § 17-27-45. This time period begins to run based on the conclusion of a direct appeal, not an appeal from a PCR application. Additionally, an applicant is required to state all grounds for relief in his original, supplemental or amended PCR application. *See* S.C. Code Ann. § 17-27-90. While petitioner alleges that his PCR counsel failed to amend his application to include all grounds presented in the instant petition, he appealed both of those PCR applications to the South Carolina Supreme Court and could have and should have raised any such complaint in those appeals.

4

As discussed in the Report, the petitioner has not established cause and prejudice sufficient to overcome procedural default and, consequently, his third ground is deemed procedurally barred. *See Thomas v. Davis*, 192 F.3d 445, 450 n. 2 (4th Cir. 1999); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999); *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998).

### Merits of Petition

In his objections, petitioner does not raise specific objections to the Report.  In fact, he states that he agrees with the Report in part and asks for his petition to be dismissed without prejudice.  As discussed above, this Court does not believe that dismissing this petition would serve any useful purpose.  Petitioner does not address the merits of his petition or the Report in his Objections.  In the absence of objections to the Report, this Court is not required to give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### Conclusion

In his report, Magistrate Judge Rogers recommends that respondents' motion for summary judgment be granted.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The Court overrules all objections, adopts the Report, and incorporates it herein by reference.  Accordingly, respondents' motion for summary judgment is **GRANTED** and petitioner's motion to

5

dismiss without prejudice is **DENIED**.

      **IT IS SO ORDERED.**


                                   s/ R. Bryan Harwell
                                   R. Bryan Harwell
                                   United States District Judge


September 6, 2005
Florence, SC